## THEODORE P. SIDDALL, JR.

### v.

## EGBERT L. JANSEN et al.

*Filed at Ottawa March 24, 1892.*

1. APPEALS AND WRITS OF ERROR—*remandment by Appellate Court.* Where a judgment is reversed by the Appellate Court on account of an erroneous ruling on any question of law that arose on the trial, the cause should be remanded for a new trial.

2. SAME—*recital of finding of facts by Appellate Court.* But where the Appellate Court reverses a judgment on the ground that the evidence does not sustain the same, it is required by the statute to recite in its final order, judgment or decree the facts as found by it, and such finding is made final and conclusive.

3. SAME—*finding of facts by Appellate Court—remandment—former decision overruled.* Where the Appellate Court finds the facts, either wholly or in part, different from the trial court, and enters judgment of reversal, and does not incorporate such finding in its final judgment, and it fails to remand the cause, this court, on appeal, will remand the cause to the Appellate Court, with directions to that court either to remand the same to the trial court, or incorporate in its final judgment a finding of the facts. The case of *Thomas v. Fame Ins. Co.* 108 Ill. 95, holding differently from this case, is overruled.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. F. W. BECKER, and Messrs. DALE & FRANCIS, for the appellant:

As the reversal was on the merits of the case, and was equivalent to directing a verdict for the defendant, it was unnecessary to remand the cause. *Gavin* v. *Chicago,* 97 Ill. 66; *Insurance Co.* v. *Scammon,* 126 id. 355; *Price* v. *Dime Savings Bank,* 124 id. 317; *Jones* v. *Fortune,* 128 id. 518.

Messrs. MASON BROS., for the appellees:

The decision of the Appellate Court is a finality. *Railroad Co.* v. *Haworth,* 39 Ill. 346; *Packet Co.* v. *Binninger,* 104 id.

| 143 | 537 |
| 147 | 310 |
| 147 | 403 |
| 143 | 537 |
| 151 | 145 |
| 143 | 537 |
| 159 | 608 |
| 143 | 537 |
| 162 | 250 |
| 162 | 351 |
| 143 | 537 |
| 168 | 44 |
| 168 | 556 |
| 168 | 561 |
| 143 | 537 |
| 173 | 503 |
| 173 | 507 |
| 143 | 537 |
| 175 | 482 |
| 143 | 537 |
| 183 | 632 |
| 143 | 537 |
| 183 | 632 |
| 184 | 344 |
| 143 | 537 |
| 186 | 3494 |
| 143 | 537 |
| 193 | 2 97 |
| 143 | 537 |
| 199 | 3369 |
| 143 | 537 |
| 200 | 1424 |
| 143 | 537 |
| 204 | 2183 |
| 205 | 1 86 |

223; *Rogers* v. *Railroad Co.* 117 id. 115; *Brown* v. *Aurora,* 109 id. 65; *Jones* v. *Fortune,* 128 id. 518; *Railroad Co.* v. *Bonifield,* 104 id. 223; Rev. Stat. chap. 110, sec. 88.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by Theodore P. Siddall, Jr., by his next friend, against Egbert L. Jansen and others, members of the firm of Jansen, McClurg & Co., wholesale and retail booksellers and stationers in Chicago, to recover damages for an injury received on the defendants' elevator, the injury resulting, as is alleged, from the negligence of the defendants. In the Superior Court the plaintiff recovered a verdict for $15,000, but on motion for a new trial $5000 was remitted, and, the motion being overruled, judgment was rendered on the verdict for $10,000. The defendants appealed to the Appellate Court, where the judgment was reversed and the cause remanded, but upon motion of plaintiff the remanding order was set aside, and from the order of reversal the plaintiff appealed to this court.

It will be observed that while the Appellate Court reversed the judgment of the Superior Court it failed to remand the cause for another trial. The Appellate Court also failed to recite in its final judgment the facts as found by the court, and the question presented is, whether this appeal brings up for our consideration such a record as will enable us to properly pass upon the judgment of the Appellate Court, or whether the cause will have to be remanded to the Appellate Court for a finding of facts, and with a direction that the facts as found shall be incorporated in the final judgment of that court. It is apparent that the Appellate Court did not reverse the judgment of the Superior Court on account of any erroneous ruling on any question of law that arose on the trial in the Superior Court, because if the reversal had been on that ground the cause would, of course, have been remanded for another trial

where the errors might be obviated. Indeed, it is conceded in the argument of counsel for appellant, as appears also from the opinion of the Appellate Court, that the judgment was reversed on the sole ground that the evidence failed to show that the defendants were guilty of negligence, and hence there was no right of recovery on behalf of plaintiff.

Under our statute it is the duty of the Appellate Court to review questions of fact, and in certain cases incorporate the finding in the final judgment. The statute reads: "If any final determination of any cause, as specified in the preceding sections, shall be made by the Appellate Court, as the result, wholly or in part, of the finding of the facts concerning the matter in controversy different from the finding of the court from which such cause was brought by appeal or writ of error, it shall be the duty of such Appellate Court to recite in its final order, judgment or decree the facts as found, and the judgment of the Appellate Court shall be final and conclusive as to all matters of fact in controversy in such cause." (Rev. Stat. chap. 110, sec. 88.)

This section of the statute has been before us for construction in a number of cases. In *Jones* v. *Fortune*, 128 Ill. 518, where the Appellate Court had reversed a judgment of the circuit court, but refused to remand, it is said: "If the Appellate Court shall refuse to remand the cause, for the reason that the evidence does not tend to prove the cause of action alleged, it must either wholly or in part find the facts concerning the matter in controversy different from the finding of the trial court, and in that event it is required to recite in its final order, judgment or decree the facts as found. The facts, when thus recited, are not the subject of controversy in this court, but we may inquire whether the law has been correctly applied to them, and therefore determine whether the refusal to remand was proper." The same doctrine is announced in *Commercial Ins. Co.* v. *Scammon*, 123 Ill. 601; 126 id. 355; *Neer* v. *Illinois Central Railroad Co.* 138 id. 29.

In *Brown* v. *City of Aurora,* 109 Ill. 165, a judgment had been recovered in the circuit court for injuries received from a fall on the sidewalk of the city, alleged to have been caused by the negligence of the city in failing to keep its walks in repair. On appeal to the Appellate Court the judgment was reversed, on the ground the evidence did not support the verdict, and for this reason the Appellate Court refused to remand. The court, however, incorporated in its judgment a finding of facts. The court did not set out the evidence of the respective parties as it appeared in the bill of exceptions, but incorporated in the judgment the ultimate facts upon the existence or non-existence of which, as set up in the pleadings, the rights of the parties depended. This course was approved, and the judgment of the Appellate Court was affirmed. It is there said: "The Appellate Court, when it differs from the conclusions reached by the trial court, is required to recite in its final order the facts as found. The expression 'facts as found,' necessarily implies the drawing of a conclusion or inference from the evidentiary facts embodied in the bill of exceptions, and this conclusion or inference to be drawn is nothing more than the *factum probandum* or ultimate fact or facts upon which the case depends, and which it was the duty of the Appellate Court to find."

*Rogers* v. *Chicago, Burlington and Quincy Railroad Co.* 117 Ill. 116, is another case where the plaintiff had recovered on the ground of negligence of the defendant, and the Appellate Court reversed the judgment and refused to remand, incorporating in the judgment a finding of the ultimate facts, in effect that the plaintiff had not used ordinary care to avoid the injury, and that defendant was not guilty of wanton or willful injury. The ruling in *Brown* v. *City of Aurora* was approved and the judgment of the Appellate Court was affirmed.

*Coalfield Co.* v. *Peck,* 98 Ill. 140, is another case in point. There the circuit court rendered a judgment against the defendant, but on appeal the Appellate Court reversed the judg-

ment of the circuit court, but did not remand. The Appellate Court also failed to recite in its final judgment the facts as found by the court. On appeal to this court we looked into the record, and finding no error of law in the record, and no error of fact being shown in the only manner provided by law for showing the same, the judgment of the Appellate Court was reversed and the cause remanded. In disposing of the case it is said: "We remanded the cause to the Appellate Court without specific directions, leaving the case in such condition that the Appellate Court might take action in accord with the law as laid down by this court. If, when the case comes again before that court, the facts are held by the Appellate Court to be different from the finding in the circuit court, that court may, of course, found its judgment upon such different finding, and the facts so found * * * must be recited in the judgment. If the facts be found by the Appellate Court in accord with the finding in the circuit court, the judgment of the circuit court should be affirmed." The same rule is declared in *Williams* v. *Forbes*, 114 Ill. 169. And the rule established in the cases cited is fully approved in *Hayes* v. *Massachusetts Life Ins. Co.* 125 Ill. 627.

But in the case last cited it will, however, be observed, that as to the cause of action averred in the third count of the declaration, the judgment of the Appellate Court reversing the judgment of the circuit court was reversed on the ground that the evidence introduced on the trial sustained the averments of that count, and upon it plaintiff was entitled to recover. Upon looking into the record in that case it will be found that the Appellate Court incorporated in its final judgment a finding of facts as to the evidence introduced to sustain the averments of the first and second counts of the declaration, but made no special finding of facts as respects the evidence introduced to establish the averments of the third count. Upon the record as it thus appeared it was held that the judgment of the Appellate Court, in its finding of facts as to the issue

involved under the first and second counts of the declaration, was final and not subject to review, but as respects the third count, there being no special finding, in the absence of a special finding it would be presumed that the Appellate Court found the same way that the trial court had found, and as the evidence was sufficient in the trial court to sustain the third count, it was error in the Appellate Court not to have affirmed the judgment of the circuit court. It will thus be seen that the decision in that case is in harmony with the cases heretofore cited.

There is, however, one case (*Thomas* v. *Fame Ins. Co.* 108 Ill. 95,) which does not seem to be in harmony with the cases heretofore cited. There, as in the present case, the Appellate Court reversed but did not remand, nor did the Appellate Court incorporate in its judgment a finding of facts. On appeal to this court the judgment of the Appellate Court reversing the judgment of the circuit court was affirmed, on the ground that the circuit court had erred in giving erroneous instructions. Upon further reflection we are satisfied that the decision in that case is not in harmony with the other decisions of this court where the same question has been presented. If the circuit court erred, as held in the case, in giving an instruction, it was the clear duty of the Appellate Court to reverse the judgment and remand the cause for another trial, so that the error could be corrected, otherwise a party entitled to recover might be cut off from a recovery by a mere error of the trial court in giving or refusing an instruction. *Thomas* v. *Fame Ins. Co.* will be overruled.

From the cases cited a further discussion of the statute with a view of placing a construction upon it is rendered unnecessary as the cases cited seem to be conclusive of the question.

From an inspection of the record it is manifest that the Appellate Court found the facts different from the trial court, and when that occurs the statute, by its terms, requires the

Appellate Court to incorporate in its final judgment the ultimate facts as found, upon which it predicates its judgment. Had the statute been followed and that course pursued by the Appellate Court, the appeal would have presented a proper case for a final decision of the case here; but as the record contains no finding of facts as is required by the statute, the judgment of the Appellate Court will be reversed and the cause remanded to that court, with directions to either remand the cause for another trial, or incorporate in its final judgment a finding of facts as required by the statute.

*Judgment reversed.*

Mr. JUSTICE MAGRUDER, dissenting:

The verdict and judgment in the court below were in favor of the plaintiff. Upon appeal to the Appellate Court, the latter court has reversed the judgment of the trial court without remanding the cause. As the case was tried before a jury, it is not a case requiring a finding of facts by the Appellate Court in its judgment. The jury has found the issues for the plaintiff, and the trial court has rendered judgment for the plaintiff in pursuance of such finding. The Appellate Court has found the issues for the defendant independently of any action by the jury in the premises. In what cases may a trial court take a case from the jury and itself enter a judgment, or in what cases may it set aside a verdict for the plaintiff and make a finding for the defendant?

The constitution of this State provides, that "the right of trial by jury as heretofore enjoyed shall remain inviolate." (Cons. Art. 2, Sec. 5.) The constitution of 1848 (Art. 13, Sec. 6,) had theretofore declared, "that the right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy." Of this declaration in the constitution of 1848 we said: "This has reference only, and is so understood by all jurists, to suits or actions for the recovery of money in actions *ex contractu* or *ex delicto.*"

(*Johnson* v̇. *Joliet & Chicago R. R. Co.* 23 Ill. 202.)  The suit at bar is an action *ex delicto* for the recovery of money as damages.  Therefore the plaintiff below, who is the plaintiff in error here, had the right to a jury trial of the issues involved in this case.

What are the limitations to the right of a trial by jury in actions of this kind?  The court is never authorized to take a case away from the jury where there is evidence tending to prove the material issues.  In order to justify such an act on the part of the court, there must be a substantial failure of evidence tending to prove the plaintiff's cause of action or some material fact necessary to sustain it.  "Evidence tending to prove" is evidence, upon which the jury can, without acting unreasonably in the eye of the law, decide in favor of the plaintiff or the party producing it.  If the court instructs the jury to find for the defendant, it must hold that the evidence, even when all that it tends to prove is admitted, is not sufficient in law to maintain the action.  If there is evidence before the jury, on a material issue, in favor of the party holding the affirmative of that issue, on which the jury can, in the eye of the law, reasonably find in his favor, it must be left to the jury to determine the weight and effect of such evidence.  Where a motion is made to exclude the plaintiff's evidence, or an instruction to the jury to find for the defendant is asked, it is not within the province of the judge to weigh the evidence and ascertain where the preponderance is.  His function is strictly limited to determining whether there is or is not evidence legally tending to prove the fact or facts affirmed.  He is never authorized to refuse to submit the case to the jury, or to direct a verdict for the defendant, unless the evidence given at the trial, with all the inferences which the jury can justifiably draw from it, is so insufficient to support a verdict for the plaintiff, that such a verdict, if returned, must be set aside.  (*Frazer* v. *Howe,* 106 Ill. 563; *Simmons* v. *Chicago & Tomah*

*R. R. Co.* 110 id. 340; *Bartelott* v. *International Bank,* 119 id. 259; *C. & N. W. Ry. Co.* v. *Dunleavy,* 129 id. 132). It is the doctrine of the Supreme Court of the United States, that, where a cause fairly depends upon the effect or weight of evidence, it is one for the consideration and determination of the jury, and should never be withdrawn from them, unless the testimony be of such a conclusive character as to compel the court, in the exercise of a sound judicial discretion, to set aside a verdict returned in opposition to it. (*C. & N. W. Ry. Co.* v. *Snyder,* 128 Ill. 655, and cases there cited).

The rules here laid down have been applied to the conduct of trial courts, but is there any reason why the same rules should not also apply to the Appellate Courts of this State? Where an Appellate Court reverses a judgment rendered in favor of the plaintiff in the trial court without remanding the cause, it accomplishes the same result which is brought about by the trial court where the latter excludes all the plaintiff's evidence on motion, or instructs the jury to find for the defendant. The Appellate Courts have no more power to infringe upon the right of trial by jury than have the Circuit Courts. If the trial court cannot take a case from the jury where there is evidence tending to prove the cause of action within the scope of the definitions already given, the same prohibition rests upon the Appellate Court. It is no more within the function of the Appellate Court, than it is within the function of the trial court, to weigh the evidence and ascertain where the preponderance is.

The 87th section of the Practice Act provides that "if any final determination of any cause, as specified in the preceding sections, shall be made by the Appellate Court, as the result wholly or in part of the finding of the facts concerning the matter in controversy, different from the finding of the court from which such cause was brought by appeal or writ of error, it shall be the duty of such appellate court to recite in its final order, judgment or decree the facts as found, and the judgment

35—143 ILL.

of the appellate court shall be final and conclusive as to all matters of fact in controversy in such cause." If this section is to be so construed as to give an appellate court the power to set aside the verdict of a jury and to substitute its own judgment for such verdict upon any other or different terms, or under any other or different conditions, than those already specified as being applicable to trial courts, then the section must be held to be unconstitutional as infringing upon the guaranteed right of trial by jury.

In view of these considerations it seems to me that section 87 was never intended to apply to cases where the trial had been before a jury, but only to cases where there had been a trial before the court without a jury.

The Practice Act, entitled "An Act in regard to practice in courts of record," was appproved on February 22, 1872, and went into force on July 1, 1872. As originally passed it contained only 86 sections, and wherever, in any of these 86 sections, an appeal to a court of review was referred to, the Supreme Court alone was mentioned. (Stat. Ill. 1871-1872, E. B. Myers' Ed. page 5.) Afterwards "An Act to Establish Appellate Courts" was passed, which was approved on June 2, 1877, and went into force on July 1, 1877. (Bradwell's Laws of 1877, page 75). On the same day, on which the Act establishing the Appellate Courts was approved, an Act amending the Practice Act of 1872 was also approved; and the latter Act also went into force on July 1, 1877. This Amendatory Act of 1877 contained two sections. (Bradwell's Laws of 1877, page 136). By the first section, sections 36 and 67 to 86 inclusive of the Practice Act were amended in several respects, but particularly with a view of making them applicable to the new Appellate Courts as well as to the Supreme Court. Section 2 of the amendatory Act of 1877 begins as follows: "2. *Additional sections shall be added to said entitled act,*" that is to say, to the Practice Act of 1872, "*to read as follows:*" Then follow sections 87, 89, 90 and 91 of the present Practice Act,

and section 88 of the present Practice Act as it was before it was amended in 1879. (Bradwell's Laws of 1879, page 169).

It thus appears, that section 87 as above quoted was an additional section added in 1877 to the original 86 sections of the Act of 1872. It was an additional section added to the whole of the Act of 1872, and was intended to have a bearing upon any one of the 86 sections to which it was properly applicable. I think, that it was intended to refer back to sections 41, 60, 74 and 75. Section 41 contains these words: "In all cases, in any court of record of this State, if both parties shall agree, both matters of law and fact may be tried by the court;" and then provides for the submission of written propositions to be held as law in the decision of the case. Section 60 enacts, that "exceptions taken to decisions of the court, upon the trial of causes in which the parties agree that both matters of law and fact may be tried by the court, and in appeal cases tried by the court without the intervention of a jury, shall be deemed and held to have been properly taken and allowed," etc. Sections 41 and 60 thus provide for decisions by the trial courts upon questions of fact where both parties agree, and for a review of such decisions by the upper courts where proper exceptions are taken. Sections 74 and 75 provide for bringing questions of law before the Appellate, or Supreme Court, upon an agreed case, and upon a certificate of the trial judge.

When the cases provided for in sections 41, 60, 74 and 75 come before the Appellate Court, the latter court may differ from the trial court either upon the facts, or upon the law. The Appellate Court is fully authorized by sections 41 and 60 to review the finding of the trial court upon the questions of fact involved in the case. Section 87 refers to those cases only where the trial court is authorized to make a finding of facts, that is to say, to the cases mentioned in sections 41 and 60. The language is: "If any final determination of any cause * * * shall be made by the Appellate Court, as the

result wholly or in part of the finding of the facts * * * different from the finding of the Court from which such cause was brought by appeal or writ of error," etc. Reference is here made to a finding of the facts by the trial *court*, and not to a finding of the facts by the jury. The trial court only finds the facts where the parties agree to waive a jury and submit the cause to the court for trial without a jury. Sections 51 to 56 inclusive of the Practice Act provide for the trial of cases by juries. Section 51 says: "The court, in charging the jury, shall only instruct as to the law of the case." In construing this provision we have repeatedly held that the court cannot pass upon the controverted facts, but that the finding of the facts must be left to the jury. (*Bradley* v. *Coolbaugh*, 91 Ill. 148; *Village of Fairbury* v. *Rogers*, 98 id. 554). It cannot be, that the legislature intended, by the addition of section 87 to the Practice Act, to refer back to cases where the jury alone are authorized to find the facts, and to confer upon the Appellate court the power to make a different finding of facts from that made by the jury, when such power is expressly withheld from the trial court.

A judgment has been defined to be "the conclusion of law upon facts found, or admitted by the parties, or upon their default in the course of the suit." (12 Am. and Eng. Enc. of Law, page 59, note 1). It may be a conclusion of law upon facts found by the court, or a conclusion of law upon facts found by the jury. Where the facts are found by the jury, the judgment usually recites that it is based upon their verdict.

In a certain sense, it is true that, where the trial court overrules a motion for a new trial and renders judgment upon the verdict, its judgment so rendered finds the facts; and where such judgment is affirmed by the Appellate Court, it is conclusive upon the questions of fact so far as this court is concerned. But in such case the verdict, as a finding of facts by the jury, enters into and forms the basis of the judgment, and, if the judgment is reversed, there must be another jury trial,

and not a substitution of a finding of facts by the Appellate Court, or any other tribunal, for the finding of facts by the jury. Section 56 of the Practice Act authorizes the trial court to grant a new trial, if "the verdict of the jury is contrary to the weight of evidence." Something different is meant by the language of section 87 from a decision that the verdict is contrary to the weight of evidence. If the Appellate Court is merely authorized by section 87 to find and recite in its judgment, such ultimate facts as show that the verdict is contrary to the weight of evidence, it would be its duty to reverse the judgment and remand the cause for a new trial. (C. B. & Q. R. R. Co. v. Lee, Admx. 87 Ill. 454). But section 87 provides that its judgment "shall be final and conclusive as to all matters in controversy in such cause." This provision cannot be valid under the organic law of the State, where the parties have not agreed to waive their constitutional right to a jury trial "as to all matters of fact in controversy in such cause."

This view harmonizes section 87 with the constitution of the State and with the other provisions of the Practice Act.

In attempting to reconcile the provisions of section 87, as applied to judgments based upon the verdicts of juries, with the constitutional guarantee of the right to trial by jury, some of the later cases have intimated, that the Appellate Court must find, in the recital of facts in its judgment, whether or not such facts tend to establish a cause of action. (Com. Ins. Co. v. Scammon, 123 Ill. 601; Com. Un. Ass. Co. v. Scammon, 126 id. 355; Jones v. Fortune, supra; Neer v. Ill. Cen. R. R. Co. supra). But to determine whether facts tend to establish a cause of action is, strictly speaking, to draw a conclusion of law from admitted facts, (Joliet, A. & N. Ry. Co. v. Velie, 140 Ill. 59,) and not to make a finding of controverted facts. By the terms of section 87 the Appellate Court is not required to recite a conclusion of law, but is directed to recite the ultimate facts which it deduces as conclusions from the evidentiary facts. (Brown v. City of Aurora, 109 Ill. 165).

If it be true, that section 87 was intended by the legislature to refer only to cases where questions of fact and law, are submitted to the trial court without a jury by agreement of the parties, it follows that the Appellate Courts should not be required to recite in their judgments the facts as found by them, when it appears that the judgment of the trial court was based upon the verdict of a jury.