VICTORIA COVERDALE *et al.*

*v.*

THE ROYAL ARCANUM.

*Opinion filed October 24, 1901—Rehearing denied December 11, 1901.*

1. APPEALS AND ERRORS—*effect of Appellate Court's failure to recite facts on reversing without remanding.* If the Appellate Court makes no recital of facts in its judgment reversing a judgment for the plaintiff in a suit at law without remanding the cause, it must be presumed that it found the facts the same as the trial court.

2. BENEFIT SOCIETIES—*subordinate lodge is the agent of the supreme lodge.* A subordinate lodge or council of a benefit society is the agent of the supreme lodge or council, and if the subordinate lodge, with full knowledge of the falsity of the statement in a member's application that he had never engaged in the business of selling liquor, continues to receive dues from him and treats the certificate as in full force up to his death, the right to forfeit the certificate for the falsity of such statement is waived.

3. SAME—*by-laws of benefit society should be liberally construed.* The rules and by-laws of a benefit society should be liberally construed, and in case of an attempt by the society to declare a forfeiture will be most strictly construed against it.

4. SAME—*foreign benefit society doing business here is subject to the laws of Illinois.* A benefit society incorporated in a foreign State comes into Illinois, not as a matter of legal right, but only by comity, and is subject to the same restrictions and duties as local corporations of the same class and has no greater powers.

5. SAME—*when contract with benefit society is an Illinois contract.* If the application for membership in a benefit society is made in Illinois by a citizen and resident of the State, and his dues, membership fees and assessments are paid to a subordinate lodge in Illinois, and his benefit certificate, which specifies no place of payment, was received and accepted by him in Illinois, the contract of insurance is governed by our laws, even though the society is incorporated in a foreign State, where the supreme lodge or council is located.

*Royal Arcanum* v. *Coverdale,* 93 Ill. App. 373, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES A. BISHOP, Judge, presiding.

This is an action of assumpsit, begun on September 8, 1896, by the appellants, Victoria Coverdale and William

Wasserman, daughter and son, and only children, of one William Wasserman, deceased, against the appellee, the Royal Arcanum. The suit is upon a benefit certificate for the payment of $3000.00, issued on June 8, 1894, by the appellee to said William Wasserman, naming his two children, the appellants herein, as beneficiaries therein.

The declaration avers that, by virtue of the issuance of the said certificate at Boston, Massachusetts, William Wasserman became a member of the subordinate council, known as Tilden Council, located at Chicago, Illinois, and became entitled to all the benefits, rights and privileges of membership in the lodge, and to participate in the order's beneficiary fund to the extent of $3000.00; that deceased, from the date of his admission until his death on February 13, 1896, remained a member of the order in good standing, and performed all duties, and paid all dues and assessments required of him, and complied with all by-laws, rules and regulations of the order, but that, nevertheless, appellee, upon his death, refused to pay to appellants as beneficiaries the said sum of $3000.00.

Two pleas were filed, namely, the general issue, and a special plea, that the benefit certificate and membership were obtained by fraud; that Wasserman falsely stated in his application that he had not drunk intoxicating liquors for over two years and had never engaged in the sale thereof; and that appellee, not knowing the statements to be false, confided in the truth thereof and issued the certificate.

The plea, as finally amended, averred "that, in his application for membership in said Tilden Council, and upon which he was admitted to said Tilden Council and to the Royal Arcanum, he warranted that all the statements therein contained were true of his own knowledge; and, in his said application, * * * in answer to the question: 'Are you now, or have you ever been engaged in the manufacture or sale of intoxicating liquors?' he answered: 'No,' which answer was false and fraudulent,

and known by the said William Wasserman to be so at the time it was made by him; and that the defendant, confiding in the false and fraudulent representations made in said application, then and there executed the said benefit certificate, and admitted said William Wasserman as a member of said Tilden Council and Royal Arcanum."

Four replications were filed to the special plea, the first of which was a general denial, and the second of which was a general denial of the charge, that the certificate was obtained by fraud or circumvention, and averred that said Wasserman was admitted to said council, and the Royal Arcanum, fairly. The third replication to the special plea averred that appellee, in executing the benefit certificate and admitting Wasserman as a member, did not confide in the warranty in his application contained, and further averred "that said benefit certificate was not delivered, and said Wasserman admitted as a member of said council and Arcanum, confiding in the truth of the representations in the application, but, on the contrary, that, at the time of the making of the said application and said warranty, and of his answers therein contained, the defendant was informed and well knew that the answers of said Wasserman were incorrect; and with full knowledge that said Wasserman was engaged in the sale of intoxicating liquors, received him as a member, and issued to him the said benefit certificate, and afterwards received and collected, with full knowledge as aforesaid, a large sum of money, to-wit: $575.00 for his monthly assessments and membership fees, and, during all of said time, treated and assessed the said Wasserman as a member of the said council and Arcanum in good standing." An additional replication, filed by the appellants by leave of court, alleged "that, after the making of the application and issuance of the benefit certificate to William Wasserman, the defendant by its agents became informed, and well knew that the said Wasserman, in his business as restaurant keeper, did

sell intoxicating liquors, and that defendant did receive from and of said Wasserman for a long period after such knowledge had come to it, to-wit: two years, monthly dues and assessments, required to be paid by its members, and continued to so receive the same with the knowledge aforesaid up to the time of the death of said Wasserman; and he continued to be and remain a member in good standing of the defendant order; by receiving and collecting dues as aforesaid defendant became and was liable, on the death of said Wasserman, to pay plaintiffs the sum in said certificate mentioned, notwithstanding the untruthfulness," etc.

In its rejoinder to the third replication, the appellee averred that by reason of Wasserman's answers it "admitted him as a member of the Royal Arcanum and delivered to him said benefit certificate, but denies that, at the time of the admission of said Wasserman to said Tilden Council and to the Royal Arcanum, and from then until the time of his death, it was informed and knew that the answers of said Wasserman to said questions were incorrect, and that, with full knowledge that the said William Wasserman had been theretofore and was then engaged in the sale of intoxicating liquors, it received him as a member of the Royal Arcanum, and with such notice issued to him said benefit certificate and received and collected afterwards a large sum of money, to-wit: the sum of $575.00, or any other sum of money, as and for his monthly assessments and membership dues, and with such knowledge treated him during all of said time until his death as a member of said council and the Royal Arcanum in good standing and lawfully entitled to the rights and privileges," etc. In its rejoinder to the additional replication filed by appellants, by leave of court, appellee "says that it is not true that, after the making of said application and issuance of the benefit certificate, the defendant by its agents became informed and knew that the said Wasserman in his business as a

restaurant keeper did sell intoxicating liquors, and with such knowledge received from said Wasserman for the period of two years monthly dues and assessments, and continued so to receive the same with the knowledge aforesaid up to the time of the death of said Wasserman, and that the defendant thereby became and was liable on the death of said Wasserman to pay said plaintiffs the sum named in said certificate, but, on the contrary, defendant denies that it ever had any knowledge of the untruthfulness of the answers of said Wasserman * * * until after his death." Issues were joined by the filing of *similiters* to the rejoinders to the third and additional replications.

By agreement of parties a trial by jury was waived, and the cause was submitted for trial to the court without a jury. Appellants submitted no propositions to be held as law in the decision of the case, but the appellee, defendant below, submitted five propositions, which were all refused, and so marked by the trial court. After hearing the evidence, the court below found the issues for appellants, plaintiffs below, and assessed their damages at the sum of $3575.00. A motion for a new trial was made and overruled. Thereupon judgment was entered in favor of the appellants and against the appellee for the amount aforesaid, together with costs.

Upon appeal to the Appellate Court, the judgment of the circuit court has been reversed by the Appellate Court without a remandment of the cause. The present appeal is prosecuted from such judgment of the Appellate Court.

J. HENRY KRAFT, for appellants.

H. H. C. MILLER, and W. S. OPPENHEIM, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—In this case, the Appellate Court has reversed the judgment of the circuit court, which was in favor of the plaintiffs below, without remanding the cause, and

has recited no facts in its final judgment of reversal. It must be presumed, therefore, that the Appellate Court found the facts the same as did the trial court, and that the cause was reversed for some error of law, which, in the opinion of the Appellate Court, was committed by the trial court.

The constitution and by-laws of the appellee society were introduced in evidence; and one of the by-laws provided that applications should not be received from bar-keepers, or from persons, who at any time sold or served intoxicating liquors to be drunk on the premises. In his application William Wasserman, the deceased holder of the certificate, stated that he was not engaged in the manufacture or sale of intoxicating liquors. The proof shows that William Wasserman kept a restaurant in Chicago, to which was attached a bar, where liquor was sold, and that, although he employed two bar-keepers who sold liquor over the bar, he also sometimes in their absence sold liquor himself over the bar. The statement contained in his application was not true; and if the appellee did not have knowledge or notice of its falsity, and did not in any way waive the right which it had to forfeit the certificate on account of such falsity, a recovery could not be had by appellants upon the certificate.

The main question, therefore, upon the trial below, as presented by the propositions submitted by the appellee which were refused, was whether or not appellee had notice of the fact that Wasserman so sold liquor, and whether or not, having such notice, it waived its right of forfeiture.

Upon the trial below, an issue was expressly made upon the special plea as amended, and the third and additional replications thereto, and the rejoinders to such replications, whether there was such knowledge and waiver by the appellee, or its subordinate council at Chicago known as the Tilden Council representing the appellee. As the case is presented to us on this record,

we must assume that the issue thus made was decided by the trial court in favor of the appellants, and that, so far as the question of fact made upon such issue was concerned, the Appellate Court concurred with the trial court. In other words, it must here be assumed that, when William Wasserman made his application and answered the questions therein contained, appellee was informed and well knew that he was engaged in the sale of intoxicating liquors, and received him as a member and issued the benefit certificate to him, and received and collected his monthly assessments and membership fees up to the time of his death, with full knowledge that he was so engaged in the sale of intoxicating liquors.

Section 87 of the Practice act provides that, if any final determination of a cause is made by the Appellate Court, as the result wholly or in part of the finding of the facts concerning the matter in controversy, different from the finding of the court from which such cause is brought by appeal or writ of error, it is the duty of the Appellate Court to recite in its final order, judgment or decree the facts as found. The recital by the Appellate Court of the facts found by it in its final judgment is the only evidence, which we can consider, of the fact that the Appellate Court differs from the trial court as to the facts of the case. Upon the failure of the Appellate Court to find the facts differently from the trial court upon the cause of action set forth in the declaration, it will be considered that, as to such cause of action, the Appellate Court found the facts in the same way in which the trial court found them. (*Siddall* v. *Jansen,* 143 Ill. 537; *Hayes* v. *Massachusetts Life Ins. Co.* 125 id. 626; *Hogan* v. *City of Chicago,* 168 id. 551). If, in the present case, the Appellate Court had found, as a matter of fact, that the appellee had no information or knowledge of the falsity of the statement made in Wasserman's application, and did not waive its right to insist upon a forfeiture on account thereof, it should have embodied such finding in

193—7

its final judgment. The opinion of the Appellate Court is not a part of the record, and cannot be considered by us. (*Pennsylvania Co.* v. *Versten,* 140 Ill. 637; *Coalfield Co.* v. *Peck,* 98 id. 139; *Harzfeld* v. *Converse,* 105 id. 534).

Inasmuch as the finding of facts upon this subject by the Appellate Court must be regarded the same as the finding by the trial court, and as such finding was in favor of the appellants, the Appellate Court should have affirmed the judgment here, unless the trial court committed some error of law.

*Second*—The question then arises whether, in view of the knowledge by the subordinate council at Chicago that the answer of Wasserman in his application was false, the right to insist upon a forfeiture of the benefit certificate by reason thereof could be waived, as matter of law.

This question arises more particularly out of the refusal of the trial court to hold, as law in the decision of the case, the second proposition submitted by the appellee, which is as follows:

"If, at the time of the making of the application by the deceased, William Wasserman, to become a member of the defendant order, he was a saloon-keeper, and served or sold drinks to be drunk upon the premises, and the officers and members of the local council, to which such application was made, had knowledge of such fact, but such information was not conveyed to the supreme officers of the defendant order, then, in such case, there was no waiver of the by-laws of the defendant, forbidding persons, engaged in the business of selling or serving intoxicating liquors to be sold upon the premises, to become a member of the defendant order; and plaintiffs cannot recover from the defendant."

The main question in this case is, whether the trial court did or did not err in refusing to give the above proposition, as requested by appellee. This question has been recently decided by this court in *High Court Independent Order of Foresters* v. *Schweitzer,* 171 Ill. 325, where, in

making application for membership in Court Sedgwick of the Independent Order of Foresters of the State of Illinois, Schweitzer signed a written application, in which he stated that he was engaged in the business of a restaurant manager and was managing a restaurant, whereas, at that time and for a considerable period before, he was employed in a saloon and restaurant, of which he had control and charge in the absence of the proprietor; and where this court used the following language (p. 328): "It is assigned for error that the trial court erred in the admission of testimony, which was to the effect that, prior to the delivery to the deceased of his certificate of membership, the officers and members of the lodge, to which he belonged, had full knowledge of the fact that he was engaged, at least a part of his time, in tending bar, and continued to receive dues from him, which were entered on the lodge books, and the money turned over to the treasurer of the lodge. It is contended that this appellant cannot be held bound by the action of the subordinate lodge, and, therefore, what the latter may have known or done is wholly immaterial. Without entering into a discussion of the question at length, we are satisfied that, under the constitution and by-laws of the order, the relation of the subordinate lodges to the high court was that of agency. In associations of this character the relation of the members to the order is necessarily through the subordinate lodges, and, when a forfeiture of the certificate of insurance is insisted upon, it is proper to show that the subordinate lodge, with full knowledge of the alleged cause of forfeiture, continued to treat the insurance as in full force, receiving the member's dues and paying the money over to the supreme lodge. We are unable to see how such societies could be conducted upon any other principle, without great injustice to the members. There was no error in admission of evidence."

So, in the case at bar, the subordinate lodge of appellee at Chicago, known as the Tilden Council, must be re-

garded as sustaining a relation of agency to the supreme
lodge of appellee. Under the facts, as already stated,
the subordinate lodge, or its officers and members, had
full knowledge of the fact that Wasserman was engaged,
at least a part of the time, in selling liquor over the
counter. With that knowledge the subordinate lodge con-
tinued to receive dues and assessments from him to the
amount of $575.00 from June 4, 1894, to the date of his
death on February 13, 1896, a period of one year and a
little more than eight months. During all this time the
insurance certificate was treated as being in full force,
and Wasserman was received and treated as a member,
notwithstanding the knowledge on the part of the officers
and members of the subordinate lodge of the falsity of
the statement contained in his application. Certainly,
under the doctrine of *Order of Foresters* v. *Schweitzer, supra,*
there was a waiver of the forfeiture of the certificate of
insurance.

Counsel for appellee seek to draw a distinction be-
tween the case at bar and the case last above referred
to, but we fail to see that there is any proper distinc-
tion between the two cases. It was certainly held in
the *Schweitzer case,* that there could be a waiver of the
enforcement of a requirement embodied in a by-law of a
benefit society. It cannot be said that, because of the
by-law which provided that applications should not be
received from bar-keepers or from persons who at any
time sold or served intoxicating liquors to be drunk
on the premises, William Wasserman did not become a
member of the appellee society, and that on that account
there was no membership to be forfeited. In his appli-
cation, submitted to appellee, he agreed that any un-
true statement made therein should forfeit the rights
of himself and his family, or dependents, to all benefits
or privileges therein, both parties treating the falsity
of the statement as a matter calling for the exercise of
the right of forfeiture. Appellee, in its rejoinders to the

replications, admits that it admitted Wasserman as a member of the Royal Arcanum, and delivered to him the benefit certificate.  The by-law is a direction to the persons whose duty it was to receive applications for membership.  They were directed not to receive applications from bar-keepers, etc.  The persons here, who were entitled to receive and did receive the application of Wasserman, were the officers and members of the subordinate council, known as the Tilden Council at Chicago.  As the subordinate council acted as agent in the matter for the supreme council, the latter was bound by the knowledge of its agent.  It follows that the appellee itself was affected with the same knowledge, which the subordinate council had.  It would be unjust to hold that, having such knowledge, it could continue for a year and eight months to recognize Wasserman as a member and receive dues and assessments from him, and yet, after his death, insist that he was never a member of the Royal Arcanum, or its subordinate council, at all.  Having knowledge, as it must be presumed to have had from the present record, appellee should have taken steps to declare Wasserman's membership forfeited.  It has not, even since his death, offered to return the assessments and dues which he paid during his lifetime.  Forfeitures are abhorrent to the law. (*Hartford Fire Ins. Co.* v. *Walsh*, 54 Ill. 164).  The laws and rules of such associations as the appellee should be liberally construed, and, where an attempt is made to work a forfeiture by a benevolent association, its laws, rules and regulations will be most strictly construed against it. (*Grand Lodge* v. *Brand*, 29 Neb. 650; *Union Mutual Accident Ass.* v. *Frohard*, 134 Ill. 228).  The retention of the money, paid as assessments and dues under the circumstances here existing, and the failure to refund the money so received, or to cancel the certificate or contract sued on, indicate such a ratification and confirmation of the certificate or contract, as to estop the association from asserting the defense sought to be here set up. (*Erdmann*

v. *Mutual Ins. Co.* 44 Wis. 381; *Gray* v. *National Benefit Ass.*
111 Ind. 539).

Counsel for appellee refer to the case of *Moerschbaecher*
v. *Royal League*, 188 Ill. 9, as sustaining their contention
in this case. In the case referred to, where a beneficiary
certificate was issued to the appellant there and the ap-
plication signed by him, the laws of the order precluded
one, engaged in the business of keeping a saloon from
becoming a member of the league, and, in his application
for membership, the appellant there stated that he was
not engaged in the occupation of a saloon-keeper; and it
was there contended that the Royal League had waived,
or become estopped to interpose, as a defense, the fact
that the assured had engaged in the business of a saloon-
keeper; but, there, the Appellate Court recited the facts
in its judgment, and, among the facts found by it and re-
cited in its judgment, was "that the effect of the contract
of Peter Moerschbaecher with appellant was not changed
by any conduct or waiver upon the part of appellant, so
as to entitle the beneficiary named in the contract to any
right to benefits by reason of the death of Peter  *  *  *
occurring while engaged in the business of a saloon-
keeper." In that case the Appellate Court reversed the
judgment of the lower court, and refused to remand the
cause. It appears, however, that an issue was made,
by replication and rejoinder thereto, upon the question
whether the league accepted from Peter the dues and as-
sessments, knowing that he had become engaged in the
occupation of a saloon-keeper; and it is there said that
"this issue was determined by the trial judge, sitting as
the trier of the issues both of law and fact, in favor of
the appellant. The Appellate Court reversed the deci-
sion of the trial court, and, in the judgment of reversal,
recited its findings that the assured, in violation of his
agreement, had engaged in the business of keeping a
saloon, was engaged in that prohibited calling at the
time of his death, and that the league had not, by way

of waiver or estoppel, lost the right to insist said viola-
tion of the contract of insurance relieved the league from
all liability to pay the mortuary benefit, contemplated
by the contract or policy of insurance." The Appellate
Court there found that there was no waiver, and this
court held that, as the question of waiver was a mixed
question of law and fact, the finding of the Appellate
Court was final and conclusive upon this court, and could
not be here reviewed. Here, however, as has already
been stated, the Appellate Court made no finding of facts.

We are of the opinion, therefore, that the trial court
committed no error in refusing the second proposition
submitted by appellee. The first proposition asked by
appellee, and refused by the court, announced that, if
the by-law in question continued in force until after the
time of the death of William Wasserman, and he was a
saloon-keeper and served or sold intoxicating liquors at
the time of his application, he could not become a mem-
ber of the appellee order, and the plaintiff could not re-
cover in this action; but this proposition was defective
in omitting any qualification as to knowledge and waiver
on the part of appellee, or the subordinate council. The
third proposition asked by the appellee, and refused by
the trial court, assumed that there was an agreement
between Wasserman and the officers and members of the
subordinate council to conceal from the officers of the
supreme council the fact, that Wasserman was engaged
in the business of selling intoxicating liquors; but this
proposition was properly refused because there was no
evidence upon which to base it.

*Third*—It is claimed, however, by the appellee, that,
under the laws of Massachusetts where the appellee as-
sociation was organized and received its charter, there
was no power in any subordinate council to waive a by-
law, such as that now under consideration. The views
of the appellee upon this branch of the case were em-
bodied in the fourth and fifth propositions submitted by

it, and refused to be held as law by the trial court. These propositions announced that, under the laws of Massachusetts, Wasserman could not become a member of the appellee order, and that none of the local councils of appellee, their officers or members, had the power or right to waive the provisions of its by-laws forbidding the deceased to become a member of the defendant order; and that the rights of the deceased to become a member, as well as the power of the appellee to insure him, were governed by the law of Massachusetts.

Appellee refers to certain authorities, which hold that a corporation has no authority to create a fund for other persons than the classes specified in the law authorizing its organization, and that a member cannot direct a fund to be paid to a person outside of such classes. For example, in *Palmer* v. *Welch*, 132 Ill. 141, it was held that, where the statute of a State, under which a benefit or fraternal society is incorporated, provides that such corporations may be formed "for the purpose of assisting the widows, orphans or other relatives of deceased members, or any persons dependent upon deceased members," the society or corporation will have no authority to create a fund for other persons than those included in the classes named; and that, in such case, the power of the corporation to issue the certificate, and the power of the member to designate the beneficiary, are controlled and limited by the statute. These authorities have no application here.

In the case at bar, the statute or law of Massachusetts, under which appellee was organized, was not introduced in evidence. The constitution and by-laws of the appellee were introduced in evidence, and the certificate of the secretary of the commonwealth of Massachusetts was also introduced, showing that the Supreme Council of the Royal Arcanum was organized for the purpose of "fraternal union, aid to its members and their dependents, the education, socially, morally and intellec-

tually, of its members, assisting the wives and orphans of deceased members, establishing a fund for the relief of sick and distressed members, and one for widows' and orphans' benefit fund," etc. Here, it is not denied that appellants, who are children of the deceased Wasserman, were properly named as beneficiaries in his certificate. No statute of the State of Massachusetts, but merely a by-law, or rule, or regulation of a corporation organized in Massachusetts was introduced in evidence. No law or statute of Massachusetts has been produced before us, which provides that applications shall not be received from persons selling or serving intoxicating liquors to be drunk, etc.

It is true that a decision of the Supreme Court of Massachusetts, to-wit: *McCoy* v. *Roman Catholic Mutual Ins. Co.* 152 Mass. 272, was introduced in evidence, which decision holds that the officers of a beneficiary association, organized under a certain statute of the State, have no authority to waive a by-law of the association, which provides that only persons of a particular class between the ages of twenty and fifty-one may become members. In the case last referred to, the applicant for insurance stated in his application that he was about forty-nine years of age, when, as a matter of fact, he was more than fifty-one years of age; it appeared there that the board of directors of the company consisted of about seventy-five members, and, while it did not appear conclusively that any officer of the corporation intended to waive the provisions of the by-laws, yet there was evidence, from which it might properly be inferred that the vice-president and three directors did intend to waive the same; and it was there held that, if the officers of the corporation had attempted to waive the by-laws in the particular named, they had no authority to do so. But the question there is not the same as the question here. The question here is not whether the vice-president and three directors of the appellee, or any other officers of the appellee, acting

merely as officers, had the right to waive the by-law in regard to the sale of intoxicating liquors, but whether the subordinate council, or the officers and members of Tilden Council in Chicago, had the right to make such a waiver. The Massachusetts case does not decide that the officers and members of a subordinate council of the appellee have not the power to waive such a by-law as that now under consideration.

Appellee, a foreign corporation organized under the laws of Massachusetts, was doing business in the State of Illinois, and in this matter the laws of the State of Illinois are the laws which govern. The doctrine in this State is, that foreign corporations come into this State, not as a matter of legal right, but only by comity, and that such corporations are subject to the same restrictions and duties as corporations formed in this State, and have no other or greater powers. Foreign corporations cannot be permitted to come into this State for the purpose of asserting rights in contravention of our laws. (*Harding* v. *American Glucose Co.* 182 Ill. 551.) The contract of insurance between Wasserman and appellee was made in the State of Illinois. The insurance was solicited by appellee's agent, the subordinate local council, at Chicago. Wasserman was a resident and citizen of Illinois. Wasserman's examination, his signing of the application, his making of answers to the questions propounded to him, the payment of his dues and membership fees and assessments, all took place in Illinois. The benefit certificate was received and accepted by him in writing in Illinois. The law of the country where the contract is made governs its construction and determines its validity. (*Bradshaw* v. *Newman*, Breese, 133; *Stacy* v. *Baker*, 1 Scam. 417; *Roberts* v. *Winton*, 100 Tenn. 484; *Indemnity Co.* v. *Berry*, 50 Fed. Rep. 511.) The by-laws, introduced in evidence in this case, require a written acceptance of the benefit certificate by the applicant, and the proof shows that the same was accepted by

Wasserman in writing in Illinois.  The benefit certificate, issued to Wasserman, specifies no place where the benefit shall be paid in the event of the death of the insured, and it, therefore, follows that the same is payable, and the contract of insurance is to be performed where it was made, that is to say, in Illinois.   A contract is to be performed where it is made and entered into, unless a place of performance is specified in it.  (*Lewis* v. *Headley*, 36 Ill. 433; *McAllister* v. *Smith*, 17 id. 328; *Roundtree* v. *Baker*, 52 id. 241.)  Inasmuch as the *lex loci contractus*, the *lex domicilii*, and the *lex loci solutionis* all concur here, the contract of insurance must be regarded as an Illinois contract, made, accepted and consummated in Illinois, and to be performed in Illinois.   Therefore, it is governed by the laws of Illinois.

For the reasons above stated, we are of the opinion that the trial court committed no error in refusing the propositions of law which were submitted to it by the appellee.   It follows, therefore, that the Appellate Court erred in reversing the cause, and refusing to remand it.

The writer of this opinion entertains the view that the judgment of the Appellate Court ought to be reversed and the cause remanded to that court with directions to affirm the judgment of the circuit court; but, in conformity with the opinion of the majority of the court, the judgment of the Appellate Court is reversed, and the cause is remanded to that court with directions to enter such judgment, reversing and remanding, or affirming the judgment of the circuit court, as, in their judgment, may be proper, or reciting in their judgment the facts found by them, if any such final determination of the cause is made by them, as is provided for in section 87 of the Practice act.   Leave is given to withdraw the record of the circuit court filed in this court for the purpose of filing it in the Appellate Court.

*Reversed and remanded.*