**Annie Gilmore, Appellee, v. The Modern Protective Association, Appellant.**

**Gen. No. 17,037.**

1. FRATERNAL BENEFIT SOCIETIES—*subordinate lodge is agent of supreme lodge.* A subordinate lodge or council of a benefit society is the agent of the supreme lodge or council.

2. FRATERNAL BENEFIT SOCIETIES—*when fact member was engaged in the sale of liquor waived.* The fact that a member of a

fraternal benefit society was engaged in the sale of liquor as a beverage is waived by the society where the deputy organizer, with full knowledge of the facts, stated in the application that deceased was a "salesman," and where dues were accepted by the society with knowledge of the facts and no offer to return them was made, and where the by-law excluding those engaged in the manufacture or sale of liquor was not a part of the organic law of the society.

Appeal from the Municipal Court of Chicago; the Hon. J. N. HIM-BAUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed July 9, 1912.

CLYDE O. GARMIRE and JAMES N. TILTON, for appellant.

DARROW, MASTERS & BAILEY, for appellee.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

In this case a recovery was had against the appellant and in favor of the appellee upon a benefit certificate issued to Thomas B. Gilmore, the husband of appellee, in his lifetime. The declaration was in the usual form in this class of cases. A special plea was filed by the appellant setting out that the insured, Thomas B. Gilmore, was during his lifetime a saloon keeper and engaged in the sale of spirituous or malt liquors as a beverage. The plea further set up section 115 of the by-laws of appellant's organization, which reads as follows:

"No certificate shall be issued in Class 'A' or Class 'C' to any member engaged in the manufacture or sale of spirits or liquors as a beverage."

To this plea a replication was filed, to the effect that the insured was accepted as a member of the defendant organization with full knowledge of the circumstances surrounding the business in which he was engaged; that it accepted dues and assessments from him from that time up to the time of his death, with full knowledge of all the circumstances; that the insured was

not engaged in the saloon business for a short period of time prior to his death; that after he had severed his connection with the business the appellant continued to accept assessments and premiums from the insured, and at no time declared the certificate forfeited nor took any steps to forfeit the same; that appellant at no time tendered to the deceased or to any person or persons on his behalf, or to the appellee any of the dues or assessments theretofore paid; that the appellant after the death of the insured requested from the appellee proofs of the death of the insured, although well knowing all the facts set out in the special plea, and that it considered the policy of the insured in full force and effect, and at no time made any effort to forfeit the same, but accepted the proofs of loss as provided by its by-laws and in accordance with the terms of the insurance policy or certificate.

The evidence shows that the insured, Thomas B. Gilmore, suffered an injury in 1909, and thereafter became afflicted with pneumonia, which resulted in his death on September 17, 1909. The insured was in the saloon business from the date of the issuance of the certificate, namely, June 11, 1908, until a short time before his death. He disposed of his saloon on August 26, 1909. The insured was solicited to become a member of the society by an organizing deputy, who took the application of the insured in the saloon, where Gilmore was serving patrons. Quinlan, the deputy, was himself served with beer by Gilmore, but notwithstanding this fact wrote in the application as the occupation of Gilmore the word "salesman." The medical examiner for appellant went to the saloon of Gilmore at the instance of appellant and there made an examination of Gilmore. A collector for appellant called at the saloon of Gilmore monthly and collected dues for the society, giving receipts therefor, which receipts were placed in evidence. On September 9, 1909, a few days before the death of Gilmore, appellee went to

the office of the superintendent of the appellant and paid the dues for that month upon the certificate. After the death of Gilmore blank proofs of loss were furnished by appellant to Mrs. Gilmore, and the same were filled out and thereafter signed by her. In these proofs of loss it was stated that Gilmore was a saloon keeper; that he died of acute pneumonia, a secondary cause being a fracture of the thigh, sustained in a train disaster.

In addition to the pleas heretofore referred to, a plea was filed by the appellant charging that the insured had obtained the certificate of membership by means of fraud, misrepresentation and false statements, but no evidence was adduced at the hearing to sustain this plea.

The law in this State is well settled that a subordinate lodge or council of a benefit society is the agent of the supreme lodge or council, and if the subordinate lodge, with full knowledge of the falsity of a statement in a member's application that he was not at the time of signing the application in the business of selling liquor, continues to receive dues from him and treats the certificate as in full force up to his death, the right to forfeit the certificate for the falsity of such statement is waived. (Coverdale v. Royal Arcanum, 193 Ill. 91, and cases referred to therein.)

The case before us is clearly distinguishable from that of Steele v. Fraternal Tribunes, 215 Ill. 190. In the case last referred to it appeared that the society was organized in this State; that its by-laws and *certificate of organization* prohibited the taking in of a member over 51 years of age. The jury in the trial court found that the deceased in his application intentionally misrepresented his age, and that no officer of the supreme tribunal knew that the deceased was more than 51 years of age when his certificate was issued. The court held that "a contract of a corporation which is *ultra vires* in the proper sense of the term,—

that is to say, outside the object of its creation, as defined by the laws of its organization, and therefore beyond the powers conferred upon it by the legislature, —is not only voidable, but wholly void and of no legal effect.''

In the case now under consideration the appellant is shown to be a corporation of Pennsylvania. The by-law to which reference has been made was not a part of the organic law of the association. The doctrine announced in Coverdale v. Royal Arcanum, *supra,* has never been departed from, and is controlling upon us. It further appears that the appellant never offered to return the assessments and dues which were paid by Gilmore or on his behalf. It has frequently been held that such conduct indicates such a ratification and confirmation of the certificate or contract as to estop the association from asserting the defense relied upon in cases like this wherein the contract is not violative of the organic law of the association.

We find no error in the admission or rejection of testimony, or in the charge of the court, which should cause a reversal of the judgment. For the reasons stated the judgment will be affirmed.

*Affirmed.*