THE CITY OF SPRING VALLEY

*v.*

THE SPRING VALLEY COAL COMPANY.

*Opinion filed June 18, 1898.*

1. PRACTICE—*when constitutional question is not presented to Appellate Court.*   The refusal of an instruction for defendant that the statute on which the cause of action was based was unconstitutional, and the giving of instructions for plaintiff assuming its constitutionality, do not, on appeal to the Appellate Court, present a constitutional question, where the defendant was successful in the trial court and assigned no cross-error on the trial court's action.

2. SAME—*when Appellate Court's denial of motion to dismiss will be sustained.*   The denial by the Appellate Court of a motion to dismiss an appeal will be sustained by the Supreme Court, although it is alleged the ground of such motion was that a constitutional question was involved, where the record fails to show any ground therefor, or that the determination of the case by the Appellate Court necessarily involved the consideration of a constitutional question.

3. TRIAL BY JURY—*extent of constitutional right of trial by jury.*   The right of trial by jury which is preserved by the constitution is the right as it had been enjoyed before the adoption of that instrument, to be determined as a purely historical question; and the power of the legislature to provide for trials without a jury in cases in which the right of jury trial had not been enjoyed before the constitution is unlimited.

4. SAME—*right of jury trial is subject to power of court of review to reverse without remanding.*   The right of trial by jury as enjoyed prior to the constitution is subject to the power of a court of review to reverse a judgment for the plaintiff without remanding the cause or awarding a *venire de novo,* in cases where it clearly appears, as a question of law, that in the end there could be no recovery which could be permitted to stand.

173—32

5. Judgments and decrees—*effect of reversal without remanding as to the judgment.* Upon the reversal of a judgment without remanding there is no judgment whatever except for costs of the appeal, the judgment for damages or costs in the trial court being simply reversed and each party left to pay his own costs incurred there.

6. Appeals and errors—*recital of facts by Appellate Court—extent of Supreme Court's power of review.* Where, under section 87 of the Practice act, the Appellate Court reverses a judgment without remanding and recites its different finding of facts in its judgment, the only question presented to the Supreme Court on further appeal is whether the facts as found and recited by the Appellate Court justify its judgment.

7. Same—*Appellate Court cannot reverse judgment for defendant and assess plaintiff's damages.* In the absence of a waiver of the right to trial by jury the Appellate Court has no power to reverse a judgment for the defendant and enter a judgment for plaintiff's damages and costs in both courts, although it recites a different finding of facts in its judgment, but must remand the cause upon reversal, to enable a jury to pass upon the question of damages.

8. Same—*effect where trial court might have directed a verdict.* The fact that the trial court might have directed a verdict for the plaintiff does not empower the Appellate Court to reverse a judgment for the defendant and enter a judgment for plaintiff's damages and costs, as such course would deprive the defendant of his right to have the Supreme Court review the question of law presented by the giving of a peremptory instruction for the plaintiff.

Magruder, J., dissenting.

*Spring Valley Coal Co.* v. *Spring Valley,* 72 Ill. App. 629, reversed.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Bureau county; the Hon. Dorrance Dibell, Judge, presiding.

J. L. Murphy, City Attorney, for appellant:

Cities and other municipal corporations, although vested with authority to suppress riots, mobs and other disturbances, are under no common law obligation to pay for property destroyed or injured by mobs. *Prather* v. *Lexington,* 13 B. Mon. 559; *Western College* v. *Cleveland,* 12 Ohio St. 375.

The legislature cannot impose a burden or tax on a city without consent of its corporate authorities. The

act of 1887 attempted to impose such a burden and tax. *Updike* v. *Wright*, 81 Ill. 53; *Marshall* v. *Silliman*, 61 id. 223; *Gaddis* v. *Richland County*, 92 id. 126.

A city cannot use public funds or levy taxes for a private purpose. To compel one citizen, by levying a tax on his property, to pay for the property of another citizen destroyed, injured or stolen by rioters, incendiaries or thieves, is none the less robbery even if done under the forms of law. *Lowell* v. *Boston*, 111 Mass. 472; *Savings Ass.* v. *Topeka*, 87 U. S. 655; *People* v. *Chapin*, 48 Ill. App. 643; *Gianfortone* v. *New Orleans*, 61 Fed. Rep. 64; *New Orleans* v. *Abagnato*, 23 U. S. App. 533.

While the mere allegation in a pleading that a given statute is unconstitutional will not necessarily raise a question as to the validity of such statute, yet where it can be seen the question is fairly debatable we think the validity of a statute becomes fairly involved in the case, within the meaning of the statutes of this State regulating jurisdiction of appeals. *Chaplin* v. *Comrs. of Highways*, 126 Ill. 264.

The right of trial by jury as heretofore enjoyed shall remain inviolate. Const. art. 2, sec. 5.

The courts have never heretofore intimated or assumed that there was any other course to be taken, on reversal of a judgment in favor of a defendant in a case tried by a jury, but to remand the same for a new trial.

Alfred R. Greenwood, and Richard M. Skinner, for appellee:

In order to justify an appeal from the trial court directly to the Supreme Court the validity of the statute should be the primary inquiry, and it is not enough that merely the proper construction of the statute is involved. *Pearson* v. *Zehr*, 125 Ill. 573.

If to the Appellate Court it appears that the law, under the facts as shown by the evidence in the record, has been improperly applied in the circuit court in any

respect materially affecting the judgment rendered in the lower court, then it is the duty of the Appellate Court not only to reverse the judgment of the trial court, but to exercise the power which the trial court might have exercised on the trial of the case in that court. *Insurance Co.* v. *Scammon,* 123 Ill. 601.

The power of the Appellate Court to reverse without remanding, given by section 87 of the Practice act, has been recognized in a great many cases, and that section was declared valid and constitutional in *Siddall* v. *Jansen,* 143 Ill. 537, and *Neer* v. *Railroad Co.* 151 id. 141; and where the Appellate Court determines that the facts are different from those found in the court below, its power to do so is not limited to cases where the trial court might direct a verdict, but extends to cases requiring the weighing of testimony and a comparison of the credibility of witnesses. *Borg* v. *Railway Co.* 162 Ill. 348.

While the rule for ascertaining the damages in any case is, of course, a question of law, the amount of the damages, as the same appears from the evidence, is a question of fact. *Joliet* v. *Weston,* 123 Ill. 642.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee, the Spring Valley Coal Company, brought this action on the case under the act in force July 1, 1887, entitled "An act to indemnify the owners of property for damages occasioned by mobs and riots," to recover damages for property destroyed by a mob within the corporate limits of appellant, the city of Spring Valley, on the night of July 6, 1894. Defendant pleaded the general issue, and the cause was tried before a jury and resulted in a verdict for the defendant. Plaintiff appealed to the Appellate Court, where the judgment of the circuit court was reversed. The Appellate Court thereupon rendered final judgment in the cause, and recited therein a finding of facts concerning the matters in controversy, as follows:

"We find as a fact that appellant is a corporation duly organized under the laws of this State for the purpose of mining and selling coal and other minerals; that the city of Spring Valley, appellee, is a municipal corporation duly organized under the general law of this State; that on the night of July 6, 1894, a mob, composed of three or four hundred persons, riotously assembled in the city of Spring Valley and made an assault upon the property owned by appellant then and there being within the corporate limits of said city and not in transit, and destroyed personal property belonging to appellant and in its possession to the amount of $9066.95, and did damage to the real estate of appellant in which said personal property was stored, to the amount of $163.25. We further find that such destruction and damage to appellant's property by said riotous mob was not occasioned, or in any way aided, sanctioned or permitted, by the carelessness, neglect or wrongful act of appellant, its agents, officers and servants, but we find as a fact that appellant, its agents, officers and servants, used all reasonable diligence to prevent such destruction and damage. We further find as a fact that within thirty days after the damage to its property and the destruction thereof, as above found, appellant served upon the proper officers of appellee due notice of its claim for damages, as required by the statute under which this suit was brought, and that this action was commenced within twelve months after such destruction and injury occurred. We further find as a fact three-fourths of the value of the property of appellant so damaged and destroyed is the sum of $6937.65, as to which there is no contradictory evidence. It is therefore ordered and adjudged that the judgment of the circuit court of Bureau county herein, against appellant and in favor of appellee, be and it is hereby reversed and set aside, and that said appellant, the Spring Valley Coal Company, do now have and recover of and from the said appellee, the city of Spring Valley, said sum of six thou-

sand nine hundred thirty-seven dollars and sixty-five cents ($6937.65) so as aforesaid by this court found to be its damages, together with its costs in this court and in the court below to be taxed, the same to be paid in due course, as in case of other judgments against municipal corporations."

It is first claimed by counsel for appellant that the Appellate Court erred in not sustaining its motion in that court to dismiss the appeal. There is no abstract of the proceedings in the Appellate Court. The record shows that a motion to dismiss the appeal was made, but it contains no ground or reason for the motion. Counsel now says that the motion was based on the ground that the Appellate Court had no jurisdiction because a constitutional question was involved, and that his claim in that court was that the statute under which this action was brought was invalid and in conflict with the constitution. Appellant was successful in the trial court and there was a verdict ànd judgment in its favor. The abstract of the record of the trial court shows the refusal of an instruction asked on behalf of appellant that the statute was unconstitutional, and the giving of instructions on the part of appellee which assumed its validity. There is no abstract in the case which shows any assignment of cross-errors questioning this action of the court, and appellant occupied the attitude, as appellee in the Appellate Court, of affirming the validity and regularity of the proceeding. In this condition of the case it must be held to have been content with the rulings of the trial court, and consequently no question of the kind suggested was involved in the Appellate Court. It was not necessary to consider such a question in the Appellate Court, and if that was the ground of the motion, as counsel now claims, it was correctly disposed of.

Section 87 of the Practice act authorizes the final determination of a case by the Appellate Court as a result, wholly or in part, of finding the facts concerning the

matter in controversy different from the finding of the court from which the case is brought, provided the Appellate Court shall recite in its final judgment the facts as found. That section has been acted upon in numerous cases, and it has always been held that the only question which can be presented to this court is whether the facts as found and recited in the judgment justify the judgment rendered by the Appellate Court. (*Brown* v. *City of Aurora*, 109 Ill. 165; *Rogers* v. *Chicago, Burlington and Quincy Railroad Co.* 117 id. 115; *Northwestern Brewing Co.* v. *Manion*, 145 id. 182; *Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 147 id. 399.) The provision was held to be constitutional and valid, and to apply to cases where the issue was tried by a jury. (*Siddall* v. *Jansen*, 143 Ill. 537; *Neer* v. *Illinois Central Railroad Co.* 151 id. 141.) The finding of facts by the Appellate Court recited in its judgment was intended to bring this case within the provisions of that statute, and shows that the reversal of the judgment was the result of the facts found. So far the judgment of the Appellate Court, upon the errors assigned there, is unquestionably correct, but upon reversing the judgment the Appellate Court assessed the damages against appellant, who was the appellee in that court, at the sum of $6937.65, and rendered a judgment against it for that amount and its costs in the trial court as well as the costs of appeal, and this presents the only other question involved. Appellant contends that the Appellate Court did not have power to assess damages and enter the judgment for damages and costs, and that the assumption of the power is a violation of the constitutional right to a trial by jury.

The right of trial by jury which is preserved by the constitution is the right as it had been enjoyed before the adoption of that instrument. (*Ross* v. *Irving*, 14 Ill. 171; *Commercial Ins. Co.* v. *Scammon*, 123 id. 601.) The question whether a statute infringes the constitutional provision that the right to trial by jury as theretofore enjoyed shall

remain inviolate raises a purely historical question, and nothing else. It is not to be determined by a consideration of what the legislature ought to do in providing for the submission of issues to a jury, but such arguments are to be addressed to the legislature. The right and the limitation upon the power of the legislature to provide for the determination of controversies by other tribunals are to be decided by an investigation of the question how the right had been enjoyed when the constitution was adopted. This has always been the rule. The power of the legislature to provide that cases shall be tried without a jury where the right did not extend to such cases when the constitution was adopted is unlimited. It required a provision in the bill of rights of the present constitution to confer the right to a jury trial where private property is taken or damaged for public use, and statutes were necessary to give the right in divorce proceedings, and in will contests, except possibly as to an heir-at-law disinherited by a devise of real estate. There are many classes of cases which the legislature may provide shall be tried without a jury because the right was never enjoyed in such cases. Among these are causes in chancery, such as the foreclosure of mortgages and mechanics' liens, partition of real estate, bills to remove clouds and quiet titles, and bills for an accounting or an injunction, in which the judge may pass upon almost every question which might be submitted to a jury in an action at law. The right does not extend to proceedings for assessment and collection of taxes, assignments for the benefit of creditors and probate matters unless especially conferred, and it does not extend to proceedings to punish for contempt where it had not been allowed when the constitution was adopted.

The statute under consideration has been upheld in every instance where it has been brought before this court, and in *Borg* v. *Chicago, Rock Island and Pacific Railway Co.* 162 Ill. 348, the previous decisions of the court

were followed in holding it valid.   The argument of the
appellant there was, that the statute did not relate to a
finding of fact but to a conclusion of law, and clearly this
argument could not be sustained.   It has uniformly and
necessarily been held to be a question of law and the
province of the court to determine whether the evidence
fairly tends to prove or disprove an alleged fact.   The
court passes upon that question on every objection to
evidence for want of relevancy in the course of a trial.
It is the province of the court to determine the question
both in passing upon the admissibility of evidence and
upon the question whether all the evidence fairly tends
to prove the material facts upon a motion to direct a ver-
dict.   It certainly could not be thought that the legisla-
ture, by the statute, intended that the Appellate Court
should pass upon such a question and find and recite as a
fact a conclusion of law, pure and simple.   The provision
that the facts shall be found and recited in the judgment
and that the finding shall be conclusive as to all matters
of fact in controversy, which shall not be re-examined in
this court, would not bear such an interpretation.   The
question of law whether the evidence fairly tends to sus-
tain the cause of action or the defense interposed is open
to investigation in this court, and the legislature could
not have deemed it a question of fact.

Our practice had been different from that of the com-
mon law in respect to the power of a court of review to
pass upon the facts, and from the adoption of the act of
July 21, 1837, this court had continuously, in cases where
it was deemed proper, reversed the judgment and refused
to remand the cause for another trial.   It was therefore
held that the right to a trial by jury, at the time of the
adoption of the constitution, was subject to the power
of this court, as a court of review, to reverse a judgment
for plaintiff without remanding the cause or awarding a
*venire de novo* to enable him to present the case to another
jury.   This power was continuously exercised by this

court up to the creation of the Appellate Courts, when it was conferred upon them subject to the provision for reciting the facts found. The right to a trial by jury did not include the right to successive trials where it was clear that in the end there could be no recovery which could be permitted to stand. Upon the reversal of a judgment without remanding the cause there is no judgment whatever, except for the cost of the appeal, under the statute. There is no judgment for costs or damages, or any judgment, in the trial court, but it is simply reversed and each party is left to pay his own costs.

The assessment of damages and the entry of judgment against the party for damages and the costs in the trial court is a far different thing from the reversal of a judgment merely, without remanding the cause. A court of review in this State, at the time the constitution was adopted, had never assumed the power to assess damages or render judgments for the recovery of property or damages except upon the verdict of a jury, unless the right to a jury had been waived. It has exercised the right to direct proper judgment to be entered where the court has failed to enter such a judgment, but not to assess damages which the party has a right to contest before a jury. Judgments have been entered where the constitutional right to a trial by jury has been waived, and, of course, in those cases there was no infringement of the right. Such were the cases of *Druley* v. *Adams,* 102 Ill. 177, *Commercial Ins. Co.* v. *Scammon,* 126 id. 355, *United Workmen* v. *Zuhlke,* 129 id. 298, *Manistee Lumber Co.* v. *Union Nat. Bank,* 143 id. 490, *Town of Cicero* v. *Sackley,* 164 id. 513, and *Everts* v. *Lawther,* 165 id. 487.

While the right of trial by jury as enjoyed before the adoption of the constitution did not include a right in a plaintiff to submit a claim, clearly without merit, to successive juries where a court of review could see that no judgment could be permitted to stand, it did require that no judgment for damages should be entered except upon

the verdict of a jury, unless the right was waived. To construe the statute as authorizing a judgment of this kind would infringe the right guaranteed by the constitution and would be in conflict with that instrument. The rule must be confined to such final judgments as may be entered without producing such a result.

It is said that the trial court in this case might have directed a verdict, and that therefore the Appellate Court might enter a judgment upon its finding of facts. If appellee might have obtained such a direction in the trial court it did not do so, and the fact that it might have done it does not afford a basis for this judgment. If it had done so the question presented would have been a different one from that presented under this finding of facts, and the appellant might have had it reviewed in this court. The right of a trial court to direct a verdict is one of the incidents of a trial by jury. The motion for such a direction raises a question of law, and the fact that a question of that kind might have been raised does not justify an assessment of damages upon a finding of facts. If it had been raised it could be reviewed in this court, while if judgment might be entered, as was done in this case, upon the finding of facts, appellant would be deprived of the right to a review in this court.

It was, of course, not necessary to recite the facts in order to reverse the judgment and remand the cause, but the recital here shows the ground of reversal. The recital did not, however, justify the assessment of damages and the entry of judgment for such damages and the costs in the trial court. The judgment of the Appellate Court for such damages and costs is reversed and the cause is remanded to that court, with directions to remand it to the circuit court for another trial.

*Reversed and remanded.*

Mr. JUSTICE MAGRUDER: I dissent from this opinion for the reasons stated in the dissenting opinion appended to the case of *Siddall* v. *Jansen*, 143 Ill. 537.