CHICAGO—FIRST DISTRICT—MAY, 1909.   299

Wacker & Birk Brewing & Malting Co. v. DeKoker, 148 App. 299.

The Wacker & Birk Brewing & Malting Company, Appellant, v. Cornelius DeKoker, Appellee.

Gen. No. 14,478.

1. VERDICT—*when set aside as against the evidence.* A verdict will be set aside on review as against the evidence where clearly and manifestly so.

2. APPEALS AND ERRORS—*when final judgment not entered.* The Appellate Court has no authority to enter a final judgment upon reversing a cause if the party as to whom such final judgment is asked has the legal right to an assessment of damages by a jury.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in this court at the March term, 1908. Reversed and remanded. Opinion filed May 3, 1909. Rehearing denied May 17, 1909.

WINSTON, PAYNE, STRAWN & SHAW, for appellant; EDWARD W. EVERETT, of counsel.

EDMUND S. CUMMINGS, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a judgment of *nil capiat* and for costs against appellant in an action of assumpsit brought upon a promissory note made by appellee to appellant for the sum of $867. The defense interposed

300    APPELLATE COURTS OF ILLINOIS.

Wacker & Birk Brewing & Malting Co. v. DeKoker, 148 App. 299.

to the note is want of consideration, and a special plea sets forth a loaning of the chattels alleged to be the consideration of the note, and that the note and a chattel mortgage upon such chattels securing the same, were given as a matter of form and to anticipate the rights of any third person intervening to destroy appellant's title to the chattels.

A painstaking review of the evidence convinces us that the verdict of the jury and the judgment of the court are so manifestly contrary to the plain weight of the evidence and its probative force as to imperatively demand a reversal of the judgment by this court. Conceding all the contentions and claims of appellee to be well taken as to every other feature of his defense, still his failure to maintain such defense, which is an affirmative one, by a preponderance of the evidence, forbids a judgment in his favor. Appellee executed the note in suit and a chattel mortgage securing the same, with full knowledge of their contents, and is at least impliedly chargeable with knowledge of the legal effect of such act. The note and mortgage are dated August 18, 1897. They have been thrice renewed, without protest, and the note in suit is the latest written evidence of the debt originally contracted. But appellee says Goetz, at whose request he executed the papers, said that "it was only a matter of form," and so he executed them. Against appellee's claim that the chattels were a loan or gift, there is arrayed in contradiction the evidence of Mr. Trick, with whom appellee says he had his dealings, the denial of Goetz of the representation imputed to him by appellee, the documents, the notes and chattel mortgages executed by appellee, all at variance with his claim. The writings speak for themselves and their execution is admitted. Trick and Goetz are credible and unimpeached witnesses. Can such an array of pertinent proof be discarded for the unsupported statement of appellee? Not while rules of evidence prevail as guides to weighing and testing the probative

force of evidence in courts of law. Then again, there is not a consistent circumstance in the whole proof sustaining in the remotest degree appellee's claim. He received and used the chattels. He gave chattel mortgages upon them as security to the seller and thrice affirmed the sale after giving the initial security. All these facts, so far from corroborating appellee in his version of the transaction, refute his contention and support the claim and theory of appellant. Appellee being entitled to a trial by jury, it will be the duty of the jury on another trial to assess appellant's damages, so that the suggestion of appellant that this court make final disposition of the case cannot be complied with. We are without legal authority to interfere in any case where a jury trial can be demanded and where there is evidence calling for an assessment of damages by a jury. City of Spring Valley v. Spring Valley Coal Co., 173 Ill. 497.

The judgment of the Superior Court is reversed and the cause remanded for another trial conformable to the views here expressed.

*Reversed and remanded.*