THE AMERICAN TRUST AND SAVINGS BANK, Defendant in Error, *vs.* THE LANTRY CONTRACTING COMPANY, Plaintiff in Error.

*Opinion filed February 20, 1913.*

1. APPEALS AND ERRORS—*what findings by Appellate Court are conclusions of law.* Findings by the Appellate Court, in its judgment reversing a judgment for the defendant in a suit on a bill of exchange, that the defendant was indebted to the plaintiff in a certain sum for principal and interest on the bill of exchange, and that the compromise agreement under which the bill of exchange was drawn constituted a good and sufficient consideration for the bill, are conclusions of law.

2. SAME—*when Appellate Court must remand upon reversal.* Where an action to recover on a bill of exchange is defended upon the ground of fraud and a judgment is rendered in favor of the defendant, the Appellate Court, upon finding as a fact that there was no fraud, may reverse the judgment and remand the cause, but it should not enter final judgment for the plaintiff, as such course deprives the defendant of its right to a jury trial on the question of fraud.

WRIT OF ERROR to the Branch "C" Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding.

HELMER, MOULTON, WHITMAN & WHITMAN, for plaintiff in error.

FRANK T. MURRAY, and BITHER, GOFF & FRANCIS, (WILLIAM A. BITHER, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

By a writ of *certiorari* there has been brought up for review the record of the Appellate Court for the First District, which court reversed a judgment of the municipal court of Chicago in favor of the defendant, the Lantry Contracting Company, and rendered judgment for plaintiff, the American Trust and Savings Bank, trustee in bankruptcy of the Contractors' Supply and Equipment Company, for $4517.53 and costs.

The suit was an attachment brought by plaintiff against defendant as drawer of a bill of exchange for $3817.69, and was defended on the ground that the debt evidenced by the bill had been paid before the bill was drawn and that the payee fraudulently concealed such payment and failed to disclose it to the drawer. There was also a plea of set-off. The Appellate Court in its judgment recited a special finding of facts, as follows: "We find as ultimate facts that appellee is indebted to appellant in the sum of $4517.53 for principal and interest upon the bill of exchange sued on; that the Atchison, Topeka and Santa Fe Railway Company, as garnishee herein, is indebted to appellee in the sum of $6000; that appellant was not guilty of any fraud whereby appellee was induced to enter into the compromise agreement wherein the bill of exchange sued on was given by appellee, and that said compromise agreement constitutes a good and sufficient consideration for said bill of exchange." The first finding and the last are conclusions of law and the finding in regard to the garnishee is immaterial to the merits.

The question whether the defendant in error was guilty of any fraud whereby the plaintiff in error was induced to enter into the compromise agreement wherein the bill of exchange sued on was given by the plaintiff in error was one of fact, on which the parties were entitled to a trial by jury. The plaintiff in error had a right to contest before

a jury its liability on the bill of exchange on the ground that it was fraudulently procured. By the judgment of the Appellate Court the plaintiff in error was deprived of this right. The recital of facts justified the reversal of the judgment but not the final determination of the issues and the entry of judgment against the plaintiff in error. *City of Spring Valley* v. *Spring Valley Coal Co.* 173 Ill. 497.

The judgment of the Appellate Court for $4517.53 and costs is reversed and the cause is remanded to that court, with directions to remand it to the municipal court for another trial.

*Reversed and remanded, with directions.*