C., B. & Q. R. Co. v. Merchant's National Bank, 203 Ill. App. 561.

the apparent understanding of the servant. Information in English writing would very likely be sufficient for the ideal, average man or woman, but it would not avail the master in a case where he knew, or ought to have known, that the servant could not read and did not understand the English language.

It is doubtful whether the verdict is not so manifestly against the preponderance of the evidence that a new trial should be granted upon that ground. If not, it is certainly so close a question upon the evidence that great accuracy in the instructions was required.

For the reasons above stated the judgment is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*

---

## Chicago, Burlington & Quincy Railroad Company, Appellant, v. Merchant's National Bank, Appellee.

### Gen. No. 6,313.

BANKS AND BANKING, § 144*—*when bank is not liable to holder of check for refusal to make payment.* Where a declaration in assumpsit by special count set up as ground for recovery against a bank its refusal to pay, accept or certify a certain check drawn in favor of the plaintiff against a certain account of the drawer in said bank and that there were when the check was presented sufficient funds in said account to pay the check, *held* that section 188 of the Negotiable Instruments Act (J. & A. ¶ 7828), providing that a bank is not liable to the holder of a check drawn upon it unless and until it accepts or certifies the check, controlled, and demurrer to the declaration was properly sustained.

Appeal from the Circuit Court of Jo Daviess county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 12, 1916.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

F. J. CAMPBELL, for appellant; J. A. CONNELL, of counsel.

SHEEAN & SHEEAN, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

This is an appeal from a final judgment for the defendant entered by the court after sustaining a general demurrer to the plaintiff's declaration. The only error assigned is "the court erred in sustaining the demurrer to the additional counts."

Appellant held the check of the Galena Commission Company for $362.46, drawn in the usual form on the appellee bank, payable to appellant, or its order. It presented that check to the bank and payment was refused. It then began this action in assumpsit and filed a declaration consisting of a special count and the common counts in assumpsit. A demurrer to the special count was sustained and appellant asked and obtained leave of court "to withdraw all counts to the declaration heretofore filed herein, and to file additional counts." It then filed two counts as follows:

"For that whereas, also, the Galena Commission Company, by its duly authorized agents, in the county aforesaid, on, to wit, the 17th day of July, 1915, being indebted to plaintiff, made and delivered to plaintiff a check on defendant, which check is in the following words and figures, to wit:

'Galena, Ill., July 17th, 1915.                    No. 153.
Merchant's National Bank,
Pay to Chicago, Burlington & Quincy R. R. Co., or order
     Pay $362 and 46 cents                         Dollars
     Galena Commission Co.
     William Micurio,                              S. R.'

The plaintiff further avers that on, to wit, the 19th day of July, 1915, in the county aforesaid, plaintiff

presented said check to defendant, during banking hours of said day, for payment, and then and there demanded payment thereof according to the tenor and effect thereof; that the defendant is a national bank doing a general banking business in said City of Galena in said county; that at the time said check was presented to defendant for payment and payment thereof demanded as aforesaid, the maker of said check had on general deposit in the hands of defendant, sufficient moneys of said Galena Commission Company subject to check to pay said check, which moneys were deposited by said Galena Commission Company in said bank subject to check and known as a checking account to be paid to the holder of any check made and delivered by said Galena Commission Company, presenting said check for payment, upon presentment thereof; that upon presentment of said check as aforesaid to defendant by plaintiff, it then and there became and was the duty of defendant, according to the tenor and effect thereof, to pay, accept or certify said check as by law required. Yet the defendant, not regarding its duty in this behalf, wrongfully, negligently, unlawfully and improperly failed, neglected and refused then and there to pay, accept or certify said check, and, at all times thence hitherto, has failed, neglected and refused to pay, accept or certify said check; that by reason of the failure, neglect and refusal of defendant to pay, accept or certify said check as aforesaid, the plaintiff has been deprived of said sum of money and the use thereof, and the said sum of money and the use thereof has become wholly lost to the plaintiff, to the damages of the plaintiff in the sum of five hundred dollars."

"For that whereas, also, on, to wit, the 17th day of July, 1915, The Galena Commission Company, being then indebted to plaintiff in the sum of $483.93, and having on deposit with defendant a sum in excess

564    Appellate Courts of Illinois.

C., B. & Q. R. Co. v. Merchant's National Bank, 203 Ill. App. 561.

thereof, to wit, the sum of $500, which was subject to its check, executed and delivered to plaintiff its certain check upon defendant, thereby directing defendant to pay plaintiff said sum of $362.46, and the plaintiff, on, to wit, the 19th day of July, 1915, presented said check to defendant and requested that payment be made then and there; and it then and there became and was the duty of defendant to then and there pay said check, or to accept or certify the same; yet the defendant, wholly disregarding its said duty, wilfully, and wrongfully failed and refused and ever since has failed and refused to pay said check or to accept or certify the same; and the defendant, afterwards, to wit, on the 20th day of July, 1915, diverted the said sum of $362.46 to, and used the same for other purposes, whereby the said sum has been wholly lost to the plaintiff and the plaintiff has been deprived of and is now deprived of the use thereof; to the damage of the plaintiff in the sum of $500, wherefore it brings its suit, etc.''

The court sustained a demurrer to these two counts, and the plaintiff, standing by its declaration, judgment in bar was entered against it. The controlling question is whether section 188 of our Negotiable Instruments Act (J. & A. ¶ 7828), providing that: ''A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check,'' controls. Appellant cites many Illinois cases decided before the passage of our Negotiable Instruments Act of 1907 in support of its contention that a banker is bound to honor the check of its depositor if the drawer has that amount on deposit; and that the check operates as an assignment in favor of the drawee of that part of the fund on deposit, and that there is an implied promise on the part of the banker to pay it to

the payee of the check. It is true that under the law as it formerly stood there was a liability of the banker to the legal holder of a check presented for payment, provided there was sufficient bankable funds to pay it on deposit belonging to the drawer. The court held in *Fourth Nat. Bank of Chicago v. City Nat. Bank of Grand Rapids,* 68 Ill. 398, that there was an implied agreement between the banker and depositor that whoever should become the owner of such check shall, upon presentation thereof, become the owner and entitled to receive the amount specified in the check, provided the drawer shall at the time have that amount on deposit. While this was the law of Illinois as indicated by the above cited and many other cases, it was not so held in most jurisdictions. The general rule was that the holder of an unaccepted check has no right of action against the bank for refusing to pay such check. (5 Cyc. 536, and authorities there cited.) Therefore the rule that the holder of a check has no right of action against the bank on which it is drawn before acceptance, while new in this State, is a familiar one in the world of commerce. Appellee only cites *Standard Trust Co. of New York v. Commercial Nat. Bank,* 166 N. C. 112 (81 S. E. 1074), in support of its contention that the statute in question does not control, but that case was decided on the ground that there was evidence of a constructive or implied acceptance of the check by the bank, and it was there said that where a bank refuses to pay a check "the holder has no cause of action thereon against the bank but must seek his remedy against the drawer." Justice Brown in an opinion of the First District Appellate Court, in *Rauch v. The Bankers Nat. Bank of Chicago,* 143 Ill. App. 625, said:

"By the law of Illinois as it exists to-day (since the passage of the Negotiable Instruments Act of June 5, 1907), a bank is not liable in any case to the holder of a check drawn on it 'unless and until it accepts or cer-

tifies' the same. This conforms to the law as it before existed in most jurisdictions, but in Illinois before the passage of the act in question * * * a different doctrine prevailed.''

While this statement as to the effect of the late Negotiable Instruments Act was not necessary to the decision of the case and may be taken as *dicta,* we believe it correctly states the law. This court recognized the effect of that provision of the act in *Eshbach v. Byers,* 164 Ill. App. 449. It is not alleged in the declaration in the present case that appellee either expressly or impliedly accepted the check upon which the action is brought. We conclude, therefore, that no liability of the bank to appellee is shown, and that the demurrer was properly sustained.

The judgment is affirmed.

*Affirmed.*