## Rogers Park National Bank, Appellant, v. D. G. Peterson, Appellee.

### Gen. No. 28,424.

1. NEGOTIABLE INSTRUMENTS—*bank as bona fide holder of check cashed by it.*  Where a check drawn by defendant was presented to plaintiff bank after the payee was introduced by an acquaintance and the check was indorsed by the payee and the acquaintance but, upon presentation to the drawee, payment was refused on the ground that defendant had ordered payment stopped, and the bank, after first charging the amount to a deposit maintained by the acquaintance for a corporation removed the charge upon ascertaining that he indorsed it as an individual instead of as president of the corporation; the bank was a bona fide holder and could maintain an action against defendant for the amount.

2. BANKING—*stoppage of payment after bona fide transfer.*  A drawer of a check cannot stop payment thereon after it has passed into the hands of a bona fide holder.

3. APPEAL AND ERROR—*necessity of remand to assess damages.*  When there has been a jury trial the Appellate Court has no power to assess damages and enter judgment but may only reverse the judgment and remand the case for a new trial.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. WILLIAM R. FETZER, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1923. Reversed and remanded. Opinion filed April 30, 1924.

RALPH G. CRANDALL, for appellant.

No appearance for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against the defendant to recover $475. There was a verdict and judgment in defendant's favor, to reverse which plaintiff prosecutes this appeal.

The facts are not in dispute and are as follows.: About May 20, 1922, the defendant drew his check for $475 on the Phillip State Bank of Chicago, payable to

the order of T. R. Hunter; that on the same day Hunter was introduced by Fowler E. Davis to the cashier of the Rogers Park National Bank, the plaintiff, for the purpose of identifying Hunter, as the latter wished to have the check cashed; that thereupon Hunter indorsed the check and Davis wrote his name on the back of it. The check was delivered to the plaintiff and Hunter was paid $475. The plaintiff then proceeded to collect it in the usual course of business but when it was presented for payment to the Phillip State Bank on which it was drawn payment was refused because defendant Peterson had so ordered. Plaintiff then notified Hunter and Davis of the fact that payment of the check had been stopped by the maker. The evidence further shows that Davis was president of a corporation known as the Triangle Garage, which kept a deposit account with plaintiff bank, and plaintiff through error charged the Triangle Garage with the amount of the check. Afterwards when it was ascertained that the indorsement was made by Davis personally and not in the name of the Triangle Garage, the charge against the account was eliminated by plaintiff bank. The check has never been paid.

The defendant in his affidavit of merits denied that plaintiff was a bona fide holder of the check for value, but on the contrary he alleged that Hunter, the payee of the check, gave it to Davis for collection; that Davis was a depositor in plaintiff bank and deposited the check in his account there for collection by plaintiff; that Hunter obtained the check by false and fraudulent misrepresentations made by him to the defendant of which Davis had notice. In the affidavit of merits, defendant further set up that the plaintiff did not pay the amount of the check to Hunter, but on the contrary credited Davis' account in anticipation of the collection; that when payment was refused by the Phillip State Bank, plaintiff charged Davis' account and therefore plaintiff lost nothing. There was

no proof to sustain the allegations of the affidavit of merits, but on the contrary, the facts appear as above set forth.   A drawer of a check cannot stop payment of the check after it has passed into the hands of a bona fide holder.   *Gage Hotel Co. v. Union National Bank,* 171 Ill. 531.   And plaintiff being a bona fide holder, the court should have sustained plaintiff's motion at the close of all the evidence to direct a verdict in favor of plaintiff for the amount of its claim. Plaintiff in this court asks that judgment be entered in its favor here for $475, the amount it claims.   This we ought to do, if the law would permit, but since there was a jury trial, we have no power to assess damages here and can only reverse the judgment and remand the cause for another trial.   *City of Spring Valley v. Spring Valley Coal Co.,* 173 Ill. 497; *American Trust & Savings Bank v. Lantry Contracting Co.,* 257 Ill. 271; *North Side Sash & Door Co. v. Goldstein,* 286 Ill. 209.

The judgment of the municipal court of Chicago is reversed and the cause remanded.

*Reversed and remanded.*

TAYLOR, P. J. and THOMSON, J. concur.