## Cuquet Jewelry Company, Appellee, v. National Builders Bank of Chicago, Appellant.

### Gen. No. 35,001.

Opinion filed December 2, 1931.

H. P. VICKBORN, for appellant.

No appearance for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

By this appeal the defendant presents for review a judgment rendered in the municipal court of Chicago in a fourth class "small claims" action for $52.50 in favor of plaintiff.

The pleadings consist of a statement of claim filed by the plaintiff setting forth its cause of action. Under the rules of the municipal court, defendant was not required to file an affidavit of merits. No questions are raised as to the pleadings.

The facts, as to which there is no dispute, were submitted to the court on the statements of counsel, and disclose that one H. Zalkin, who was a depositor in the defendant bank, issued and delivered his check dated August 9, 1930, to plaintiff, Cuquet Jewelry Company, payee therein, for the sum of $52.50, representing the amount of Zalkin's indebtedness to plaintiff. The check was drawn on National Builders Bank of Chicago, the defendant. Thereafter on August 11, 1930, plaintiff presented the check for payment at defendant's bank, with proper indorsement thereon, but defendant refused payment thereof. It is conceded that defendant had sufficient funds on hand belonging to Zalkin with which to pay the check at the time it was presented for payment.

The sole question presented by this appeal is whether the check operated as an assignment of funds to the credit of the drawer thereof, and whether the defendant, not having accepted or certified the same, is liable to plaintiff as holder of the check.

It seems to have been the view of the trial court that an assignment of the funds *pro tanto* took place when

the depositor issued his check, and that the holder, by reason thereof, could maintain his action against the bank, provided there were sufficient funds on hand at the time the check was presented for payment. This was the rule laid down by our courts prior to the adoption of the Negotiable Instruments Act of July 1, 1907, as stated in the early case of *Munn v. Burch,* 25 Ill. 35. However, the foregoing statute (paragraph 210, chapter 98, Cahill's Illinois Revised Statutes), changed the law of this State pertaining to the liability of a bank to the holder of a check. This section reads as follows:

"A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check."

Since the enactment of the Negotiable Instruments Act, this court has had occasion to pass on a similar question in the case of *Chicago, B. & Q. R. Co. v. Merchant's National Bank,* 203 Ill. App. 561. In that case the appeal was taken from a decision sustaining a demurrer to a declaration, alleging in substance the issuance of a check to the plaintiff, the presentation thereof to the defendant, and its refusal to pay, accept or certify, although sufficient funds were on hand belonging to the drawer at the time of presentation. The court, after discussing the former decisions of our courts, adopted the statement contained in an opinion in *Rauch v. The Bankers National Bank of Chicago,* 143 Ill. App. 625, as a correct statement of the law now in force in this State, and said:

"By the law of Illinois as it exists today (since the passage of the Negotiable Instruments Act of June 5, 1907), a bank is not liable in any case to the holder of a check drawn on it 'unless and until it accepts or certifies' the same. This conforms to the law as it before existed in most jurisdictions, but in Illinois before the passage of the act in question . . . a different doc-

trine prevailed.'' The court concluded that no liability was shown, and that the demurrer was properly sustained.

Plaintiff has filed no brief to assist us in the consideration of this matter, but we find no authority to the contrary, and therefore hold that the judgment in favor of plaintiff was entered in error, and the same is accordingly reversed.

There being no dispute as to the facts, the matter being presented to us solely as a question of law applicable to the facts as stated by counsel before the trial court, judgment will be entered here in favor of defendant, including costs.

*Reversed and judgment here.*

HEBEL, P. J., and WILSON, J., concur.