South Chicago Savings Bank, Plaintiff-Appellee, v. Drexel National Bank, Defendant-Appellant.

## Gen. No. 47,851.

First District, Second Division.

February 2, 1960.

Released for publication March 4, 1960.

Ratner, Miller, and Levenson, of Chicago (George J. Miller, of counsel) for appellant.

P. M. Knight, of Chicago, for appellee.

JUSTICE KILEY delivered the opinion of the court.

This is an action to recover $200, the amount of a check, paid by plaintiff, South Chicago Savings Bank, upon which defendant drawee, Drexel National Bank, refused payment because the drawer directed the bank to stop payment. The court, without a jury, entered judgment for plaintiff and defendant has appealed.

The facts are stipulated. Bert Williams, on September 26, 1958, drew a check for $200 upon defendant, where he had an account. The payee, Velma Robinson,

indorsed the check "in blank" and presented it to plaintiff for payment. Plaintiff paid the amount of the check and on September 29, 1958, presented the check through the Chicago Clearing House to defendant for payment. The defendant refused payment although Williams had sufficient funds on deposit to "meet" the check, because of his stop payment order before the check reached defendant.

The decisive question of law is whether section 188 of our Negotiable Instruments Law, ch. 98, sec. 210, Ill. Rev. Stat. (1959), applies to plaintiff, a holder in due course. Plaintiff to support the judgment argues that the section applies only to a "mere holder" and not to a holder in due course.

In 1860, our Supreme Court held that "the check of a depositor upon his banker, delivered to another for value, transfers to that other, the title to so much of the deposit as the check calls for, . . . and when presented . . . the banker . . . becomes the holder of the money to the use of the owner of the check, . . . provided the party drawing the check has funds to that amount on deposit. . . ." Munn v. Burch, 25 Ill. 21, 26. This rule was applied in 1898 in Gage Hotel Co. v. Union Nat. Bank, 171 Ill. 531, against a bank despite a stop order of the drawer to the drawee before presentation.

The Uniform Negotiable Instruments Law was adopted by the Legislature in 1907. Section 188 of the N.I.L., ch. 98, sec. 210, Ill. Rev. Stat. (1959), provides: "A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check." After the effective date of the Act, the courts stated, "[A] bank is not liable in any case to the holder of a check drawn on it 'unless and until it accepts or certifies' the same. . . . [B]efore the passage of the

180

act in question . . . a different doctrine prevailed." Rauch v. Bankers Nat. Bank of Chicago, 143 Ill. App. 625, 633; Chicago, B. & Q. Ry. Co. v. Merchant's Nat. Bank, 203 Ill. App. 561, 565–66 (1916); Whitewater Commercial & Savings Bank v. United States Bank of Crystal Lake, 224 Ill. App. 26, 31 (1922); Cuquet Jewelry Co. v. National Builders Bank of Chicago, 263 Ill. App. 611 (1931).

Plaintiff insists that the rule was not changed as to holders in due course and refers us to the language of section 188 and its "limitation" to "holders." Its argument is that it is a holder in due course; that there were sufficient funds of Williams on deposit with defendant to pay the check; that under the rule in Munn v. Burch, 25 Ill. 21, Gage Hotel Co. v. Union Nat. Bank, 171 Ill. 531, and Rogers Park Nat. Bank v. Peterson, 233 Ill. App. 99, its cashing of Williams' check effected a transfer of title to it of the amount of the check; and that section 188 of the N.I.L. did not repeal section 57, (ch. 98, sec. 77, Ill. Rev. Stat. (1959)), and did not affect the rights of holders in due course as they existed under the Munn v. Burch rule.

Section 190 defines "holder" as "the payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof." Ch. 98, sec. 213, Ill. Rev. Stat. (1959). Section 184 provides, "A check is a bill of exchange. . . ." Ch. 98, sec. 206, Ill. Rev. Stat. (1959). The term "holder" is not qualified in any way in section 188, and it is a general term which includes "holder in due course." The section says, "[T]he bank is not liable to the holder . . . [of] the check." There is no indication that the legislature intended to except "holders in due course" from the section.

There is no doubt that the rule of Munn v. Burch gave way when the state adopted the Uniform Negotiable Instruments Law. And Rogers Park Nat. Bank v. Peterson is not in point. It involved a suit by the

181

holder of a check against the drawer of the check. The same is true of similar cases cited by plaintiff. Gage Hotel Co. v. Union Nat. Bank, 171 Ill. 531, and Union Nat. Bank v. Oceana County Bank, 80 Ill. 212, were decided before the Uniform Law was adopted and, insofar as they rely on the Munn v. Burch rule, are no longer applicable. Those cases, in addition to the Munn v. Burch rule, also held that after a check has been passed into the hands of a "bona fide" holder, the drawer has no power to stop payment on the check. In the Oceana case, the court decided that the drawer's stop order had no effect against the subsequent "bona fide" holder. The Gage Hotel case used the Oceana case as authority for its statement. But the reason for that holding was the Munn v. Burch rule, i.e., a check negotiated to a holder in due course transferred title to funds in the drawer's account in the amount of the check. Since we hold that section 188 covers holders in due course, that reason no longer supports the holdings in Gage and Oceana with respect to stop orders.

Plaintiff argues that section 188 and section 57—defining the rights of a holder in due course—are complete in themselves, and in the absence of legislative intention to do so, section 188 cannot be construed as taking from plaintiff the protection of section 57 given by the rule announced in the Oceana, the Gage Hotel Co., and the Rogers Park Nat. Bank cases. As we have pointed out, the Oceana and Gage Hotel Co. cases were decided before the adoption of section 188, and the Rogers Park case was a suit against the drawer. Section 57 stands unaffected by section 188; it is the rule of Munn v. Burch which was affected.

We agree with defendant that in the practical order it would be an impossible burden for commercial banks to determine, at their risk, upon presentment of checks whether the holder is merely that or a holder in due course. Section 188 places the risk upon the person

182

who cashes the check and who relies upon the indorser of the check.

In view of our construction of section 188, the drawee defendant, not having accepted Williams' check, was justified in obeying the stop order which preceded presentment and in refusing to pay the check. It is not liable to plaintiff.

The judgment is reversed.

Reversed.

MURPHY, P. J. and BURMAN, J., concur.